UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MATTHEW MENDEZ, on behalf of himself and
all others similarly situated,

                        Plaintiff,

  -against -

ENECON NORTHEAST APPLIED POLYMER
SYSTEMS, INC., and ROBERT BARR and
MICHAEL BARR, each in their individual and
professional capacities,

                      Defendants.
-------------------------------------------------------------------X

**ORDER**

CV 14-6736 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court in this putative collective action brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") is the letter motion by Defendants Enecon Northeast Applied Polymer Systems, Inc. ("Enecon"), Robert Barr, and Michael Barr (collectively, "Defendants") seeking "remedial relief" with respect to a letter, dated June 10, 2015, which Plaintiff's counsel sent to potential collective action members ("the Letter"). DE 22. The Letter states as follows:

> Dear Enecon Northeast Applied Polymer Systems, Inc. Employee:
>
> Our office represents Plaintiff Matthew Mendez in the above-referenced matter. Mr. Mendez is a former employee of Enecon Northeast Applied Polymer Systems, Inc. ("Enecon"). This employee has brought a lawsuit in federal court for Enecon's alleged violations of numerous provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). This employee brought the lawsuit on behalf of both himself and other non-managerial employees working for Enecon. We are currently investigating this employee's claims by speaking with other Enecon employees to determine if they have any information that support[s]

> Mr. Mendez's claims. This is the reason why we would like to speak with you.
>
> Mr. Mendez alleges, among other things, that Enecon violated the minimum wage and overtime provisions of the FLSA and the NYLL due to Enecon's failure to compensate its employees for hours worked while traveling to and from each job site.
>
> If you have any information regarding any of the violations that Mr. Mendez alleges Enecon committed as mentioned in this letter, we would like to speak with you. You can feel free to give me a call at any time at (516) 248-5550 to discuss these issues further.
>
> Respectfully,
>
> Anthony P. Malecki
> *For the Firm*

DE 22-1.

Defendants argue that the Letter is improper because it (1) suggests the existence of a unified class, (2) suggests that Enecon's employees are obligated to speak with Plaintiff's counsel, and (3) misstates the law in order to induce potential collective action members to join Plaintiff's lawsuit. *See* DE 22 at 1-2. Accordingly, Defendants ask the Court to issue an order which (1) requires Plaintiff's counsel to send a court-approved remedial correspondence to all recipients of the Letter, or (2) permits Defendants' counsel to send curative correspondence to the recipients of the Letter. *See id.* at 1. Plaintiff opposes Defendants' motion, arguing, *inter alia*, that "while the Court has the authority to control communications to putative collective [action] members, there is nothing close to misleading or coercive in Plaintiff's letter warranting the Court's involvement." DE 23 at 2. For the reasons explained below, Defendants' motion is DENIED.

"Courts have the authority in both Rule 23 class actions and FLSA collective actions (29 U.S.C. § 216(b)) to enter appropriate orders governing the conduct of counsel and parties."

*Brown v. Mustang Sally's Spirits & Grill, Inc.*, No. 12-CV-529S, 2012 WL 4764585, at *2 (W.D.N.Y. Oct. 5, 2012) (citing, e.g., *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–71, (1989); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99–100 (1981)). "This supervisory authority exists even before a class is certified." *Id.* (citing *In re Initial Public Offering Sec. Litig.*, 499 F.Supp.2d 415, 418 n. 13 (S.D.N.Y. 2007)). "The 'primary purpose in supervising communications is to ensure that potential members receive accurate and impartial information regarding the status, purposes and effects of the class action.'" *Id.* (quoting *Hinds County, Miss. v. Wachovia Bank N.A.*, 790 F. Supp. 2d 125, 134 (S.D.N.Y.2011) (internal alteration omitted).

As the Supreme Court recognized in *Gulf Oil*, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil*, 452 U.S. at 100. However, the Supreme Court made clear that judicial intervention "limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101-02; *accord Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at *3 (E.D.N.Y. May 23, 2006). Such intervention "should result in a carefully drawn order that limits speech as little as possible consistent with the rights of the parties under the circumstances." *Gulf Oil*, 452 U.S. at 100. "As is implicit in the Supreme Court's reference to the 'conduct of counsel and parties,' an order may limit communications by plaintiffs, defendants, or both." *Zamboni v. Pepe W. 48th St. LLC*, No. 12 CIV. 3157, 2013 WL 978935, at *2 (S.D.N.Y. Mar. 12, 2013) (quoting *Gulf Oil*, 452 U.S. at 100) (internal citation omitted).

Here, Defendants have failed to establish that the Letter sent by Plaintiff's counsel is misleading, improper, or otherwise warrants judicial intervention. "[P]laintiffs generally have a

3

right to contact members of the putative class." *Dziennik*, 2006 WL 1455464, at \*3 (citing *Williams v. Chartwell Financial Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000)). As one district court has stated, "[b]oth parties need to be able to communicate with putative class members—if only to engage in discovery regarding issues relevant to class certification—from the earliest stages of class litigation. . . . District courts thus must not interfere with *any* party's ability to communicate freely with putative class members, unless there is a specific reason to believe that such interference is necessary." *Austen v. Catterton Partners*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011) (emphasis in original); *accord Brown*, 2012 WL 4764585, at \*2. Here, the Letter sent by Plaintiff's counsel (1) informs Enecon employees about the existence of Plaintiff's lawsuit, (2) briefly describes the claims alleged, (3) states that Plaintiff's counsel is "currently investigating" Plaintiff's claims "by speaking with other Enecon employees to determine if they have any information that support[s Plaintiff's] claims," and (4) states that recipients may "feel free" to contact Plaintiff's counsel "[i]f [they] have any information regarding any of the violations that [Plaintiff] alleges Enecon committed as mentioned in this letter." DE 22-1. Defendants do not claim that any information in the Letter is patently false, only that the Letter is, in Defendants' view, "easily capable of being misconstrued." DE 22 at 3. The Court disagrees and finds nothing inherently intrusive or misleading about the communication by Plaintiff's counsel, which appears to be squarely aimed at obtaining information which may be relevant to Plaintiff's claims and discovery in this action. Accordingly, in light of the principles espoused in *Gulf Oil* and its progeny, the Court concludes that no judicial intervention is warranted with respect to the Letter.

      The Court further notes that the American Bar Association has issued a formal opinion regarding a lawyer's ethical obligations when communicating with putative class members

during the period between filing a class action lawsuit and class certification. *See* ABA Formal Op. 07-445 (2007). The opinion states, in part:

> Both plaintiffs' counsel and defense counsel have legitimate need to reach out to potential class members regarding the facts that are the subject of the potential class action, including information that may be relevant to whether or not a class should be certified. With respect to such contacts, Rule 4.3, which concerns lawyers dealing with unrepresented persons, does not limit factual inquiries but requires both sides to refrain from giving legal advice other than advice to engage counsel, if warranted. If, on the other hand, plaintiffs' counsel's goal is to seek to represent the putative class member directly as a named party to the action or otherwise, the provisions of Rule 7.3, which governs lawyers' direct contact with prospective clients, applies. . . . However, Rule 7.3's restrictions do not apply to contacting potential class members as witnesses, so long as those contacts are appropriate and comport with the Model Rules [of Professional Conduct].

*Id.* (footnote omitted). As Plaintiff points out, Magistrate Judge Lindsay recently denied a motion which concerned the same letter at issue in this case on the grounds that it did not violate ABA Formal Op. 07-445. *See Chowdury v. Peter Luger, Inc.*, No. 14-cv-5880, DE 30. Unlike the defendants in *Chowdury*, Defendants here do not argue that the Letter constitutes an improper solicitation of business or that Plaintiff's counsel committed an ethical violation. Accordingly, the Court will not undertake an analysis of whether the Letter complies with ABA Formal Op. 07-445 since the Court has already ruled that no judicial action is warranted pursuant to *Gulf Oil*. Finally, the Court notes that it is not preventing Defendants from communicating with prospective collective action members who are not already represented by an attorney, so long as that communication complies with the Rule of Professional Conduct.

For the foregoing reasons, Defendants' motion is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
July 13, 2015

/s/ A. Kathleen Tomlinson

A. KATHLEEN TOMLINSON
U.S. Magistrate Judge